Filed 4/26/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>MONICA BERLIN,<br><br>        Defendant and Appellant. | A166452<br><br>(San Francisco County<br> Super. Ct. Nos. CT16002746 &<br> SCN227708) |

Appellant Monica Berlin (appellant) appeals from the trial court's orders dismissing criminal charges against her after successfully completing mental health diversion (Pen. Code, §§ 1001.35 & 1001.36)[1] but requiring her to pay over $17,000 in restitution to the victim and the California Victim Compensation Board. Because the trial court ordered the restitution after the end of the statutory maximum two-year period of diversion and because section 1001.36, subdivision (f)(1)(D), only permitted the trial court to order restitution "during the period of diversion" we reverse the court's restitution orders.

BACKGROUND

In July 2017, the San Francisco District Attorney filed an information charging appellant with felony stalking between December 2015 and February 2016 (§ 646.9, subd. (b)). The information also charged appellant

---

[1] All undesignated statutory references are to the Penal Code.

1

with six misdemeanors, including two restraining order violations (§ 273.6, subd. (a)), and four protective order violations (§ 166, subd. (c)(1)).[2]

On March 9, 2020, the trial court suspended criminal proceedings and placed appellant on mental health diversion. On March 30, 2022, the case came on calendar for a victim impact statement; appellant moved to dismiss the criminal charges based on her successful completion of diversion. Appellant's counsel stated, "I just filed the motion, so I understand we'll need to put that over, but we have exceeded at this point the two-year time period for diversion, and given that [appellant] had consistently positive reports and she's been allowed to remain in diversion, I think she is due for a dismissal." Counsel argued, "No request for restitution had been made prior to these discussions earlier this month, and my reading of the statute is that for a participant in Mental Health Diversion, if restitution is requested, then the Court, at the commencement of diversion, may hold a restitution hearing and order an appropriate amount of restitution to be paid during the period of diversion; however, this request came at the end of diversion, and I don't think the Court has authority to impose restitution at this time, given the lateness of the request and the fact that [appellant] is now statutorily eligible for dismissal."[3] The prosecution argued the criminal case could not be dismissed until the court awarded restitution. The court put the matter on calendar for April 1 for "further proceedings on the motion to dismiss and the restitution issue."

On April 1, 2022, the prosecution filed a request for victim restitution. On May 5, appellant filed an opposition arguing, among other things, that

---

[2] The facts underlying the charged offenses are not relevant to the issue on appeal.

[3] The prosecution had e-mailed appellant's counsel regarding victim restitution on February 28, 2022.

the trial court "lacks authority to order payment of restitution once the diversionary period ended." At a hearing on May 6, the trial court ruled it had authority to award restitution. Appellant's counsel objected to the court's ruling, arguing that the court could not award restitution after the end of the period of diversion. After the court rejected her argument, appellant's counsel stated that appellant would prefer to withdraw from diversion and avoid a restitution award by winning an acquittal at trial.

On May 25, 2022, the trial court terminated appellant's mental health diversion and ordered the case set for trial. On August 8, appellant filed a motion to dismiss the criminal charges based on her successful completion of diversion. On August 10, the trial court ordered appellant to pay $15,223.35 plus interest in restitution to the victim and $2,000 to the California Victim Compensation Board. The court then dismissed the criminal charges under section 1001.36, and ordered the case sealed under section 1001.9. The present appeal followed.[4]

DISCUSSION

Appellant argues the trial court erred in issuing a restitution order after the end of the two-year period of diversion. We agree.

I.    *Statutory Framework*

"In June 2018, the Legislature enacted []sections 1001.35 and 1001.36, which created a pretrial diversion program for certain defendants with mental health disorders. (Stats. 2018, ch. 34, § 24.)" (*People v. Frahs* (2020)

---

[4] Appellant also filed a petition for writ of supersedeas (case number A166533), challenging the same August 2022 restitution orders. This court granted the petition and stayed enforcement/execution of the restitution orders pending resolution of the present appeal. Appellant has requested that this court take judicial notice of the record in the writ proceeding. That request is granted.

9 Cal.5th 618, 624 (*Frahs*).) Section 1001.36, "which contains the diversion measure's substantive provisions," "by design and function provides a possible ameliorating benefit . . . by offering an opportunity for diversion and ultimately the dismissal of charges." (*Frahs*, at p. 624.) "The stated purpose of the diversion statute 'is to promote all of the following: [¶] (a) Increased diversion of individuals with mental disorders to mitigate the individuals' entry and reentry into the criminal justice system while protecting public safety. [¶] (b) Allowing local discretion and flexibility for counties in the development and implementation of diversion for individuals with mental disorders across a continuum of care settings. [¶] (c) Providing diversion that meets the unique mental health treatment and support needs of individuals with mental disorders.' (§ 1001.35, subds. (a)–(c).)" (*Frahs*, at p. 626; see also *People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1149.)

Section 1001.36, subdivision (a), provides that a trial court "may, in its discretion, . . . grant pretrial diversion to" an eligible and suitable defendant. Where a defendant is charged with a felony, section 1001.36, subdivision (f)(1)(C), provides that "[t]he period during which criminal proceedings against the defendant may be diverted . . . shall be no longer than two years." Significantly, section 1001.36, subdivision (f)(1)(D) sets forth procedures for imposing restitution on defendants on diversion: "Upon request, the court shall conduct a hearing to determine whether restitution, as defined in subdivision (f) of Section 1202.4,[5] is owed to any victim as a result of the

---

[5] Section 1202.4, subdivision (f) provides in part, "Except as provided in subdivisions (p) and (q), in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a

4

diverted offense and, if owed, order its payment *during the period of diversion*. However, a defendant's inability to pay restitution due to indigence or mental disorder shall not be grounds for denial of diversion or a finding that the defendant has failed to comply with the terms of diversion." (§ 1001.36, subd. (f)(1)(D), emphasis added.) Finally, section 1001.36, subdivision (h), provides in relevant part, "If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion." (See also *Frahs, supra,* 9 Cal.5th at pp. 626–627.)

" ' " 'When we interpret a statute, "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.] "Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' " ' [Citation.] The interpretation of a statute presents a question of law that

---

provision that the amount shall be determined at the direction of the court. The court shall order full restitution."

this court reviews de novo." (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190.)

II.    *Analysis*

Appellant argues that, although the prosecution requested restitution prior to dismissal of appellant's cases, it was improper for the trial court to award restitution after the end of the two-year period of diversion. We agree the statutory language compels reversal. The statute unambiguously provides that, in the case of a felony, the period of diversion "shall be no longer than two years." (§ 1001.36, subd. (f)(1)(C); see also *Frahs, supra,* 9 Cal.5th at p. 627 ["The maximum period of diversion is two years."].) And the statute in plain language only authorizes a court to "order . . . payment [of restitution] *during the period of diversion.*" (§ 1001.36, subd. (f)(1)(D), emphasis added.)

Respondent offers no reasonable interpretation of the statutory language that encompasses an order made *after* the two-year period of diversion and that requires payment of restitution *after* dismissal of criminal charges. (§ 1001.36, subd. (f)(1)(D).)[6] Instead, respondent argues the trial court retained authority to award restitution after the end of the two-year period of diversion, until formal dismissal of the criminal case against appellant. Respondent argues that "dismissal of charges requires an affirmative judicial act" and that "only the court has the authority to dismiss a case at the conclusion of the diversion." We agree. (See *Rodriguez v.*

---

[6] Arguably there is an ambiguity that is immaterial in the present case. The statutory language could conceivably be read to require only that an order requiring the payment of restitution be made during the two-year period *or* it also could be read to prohibit any order requiring a defendant to make payments after the two-year period. We need not address any such ambiguity because in the present case *both* the restitution order and the payment obligation followed the two-year period of diversion.

*Superior Ct.* (2023) 15 Cal.5th 472, 487 [period of commitment for incompetency only ends when trial court accepts certificate of restoration].) But that does not mean the court may impose an order of restitution contrary to the direct language of the statute authorizing such an order only "during" the period of diversion, which "shall be no longer than two years."[7] (§ 1001.36, subds. (f)(1)(C) & (D).)  Section 1001.36, subdivision (h), required the trial court to dismiss the criminal charges "at the end of the [two-year] period of diversion," and the statute does not contain any language reserving authority for the court to order restitution after the end of the statutory period, much less after termination of appellant from mental health diversion (as occurred in May 2022).  (Cf. § 1202.46 ["when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined"].)

Lacking support in the statutory language, respondent argues the trial court's restitution award was mandated by the California Constitution. Respondent points to article I, section 28, subdivision (b)(13)(B) of the Constitution, which provides, "Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss."  However, that provision is inapplicable because appellant is not a "convicted wrongdoer."  Under section 1001.36, subdivision (h), "Upon successful completion of diversion, if the court dismisses the charges, the arrest upon which the diversion was based shall be

---

[7] Respondent also suggests appellant waived the two-year limitation in section 1001.36, subdivision (f)(1)(C), but appellant moved for dismissal of the criminal cases and objected to any award of restitution at the first hearing on the issue, March 30, 2022, and repeatedly thereafter.

deemed never to have occurred." Very recently, in *People v. Braden* (2023) 14 Cal.5th 791, the California Supreme Court confirmed that mental health diversion proceedings do not result in a conviction. In that case, the Court held that any request for diversion "must be made before attachment of jeopardy at trial or the entry of a guilty or no contest plea, whichever occurs first." (*Id.* at p. 800.) In the course of its analysis, the Court distinguished the mental health diversion scheme from "the general restitution statutes," under which "restitution is triggered by a conviction (§ 1202.4, subd. (a)(1)), and is ascertained at or after sentencing (*id.*, subd. (f)(3))." (*Braden*, at p. 815.) In contrast, the Court emphasized, "A main feature of the diversion system is to allow the court to intervene early to support a defendant's rehabilitation and recovery *without the stigma of a conviction*." (*Id.* at pp. 815–816, emphasis added; see also *id.* at p. 822 [emphasizing assertion in legislative history that "*diversion does not result in a conviction*"].) Indeed, respondent does not even attempt to argue that appellant's successful completion of diversion resulted in a conviction. The constitutional requirement to award restitution is plainly inapplicable in the present case.

Respondent also relies on section 1214, which provides that "a restitution fine ordered pursuant to Section 1202.4" and other sections (but not section 1001.36) "may be enforced in the manner provided for the enforcement of money judgments generally." The fundamental problem with respondent's reliance on section 1214 is that it presupposes a lawful restitution award. Because the trial court was without authority to award restitution outside the two-year period of diversion, there is no lawful restitution award to be enforced as a civil money judgment.[8]

---

[8] It appears appellant argues section 1214 is inapplicable for the further reason that a trial court cannot require a defendant to make

Our interpretation of the statute is not inconsistent with the Legislature's balancing of interests. As the Supreme Court explained in *Braden*, "Section 1001.36 subdivision (f)(1)(D) simply provides that the trial court can extend to a defendant all the benefits of mental health diversion, yet also make a victim whole by ordering the payment of restitution that would normally be ordered at sentencing. In this situation, a court is not forced to choose between assisting a defendant with mental health concerns and ordering restitution for a victim. This approach makes sense. A main feature of the diversion system is to allow the court to intervene early to support a defendant's rehabilitation and recovery without the stigma of a conviction. But, as with probation conditions, agreeing to make victim restitution can also be part of the rehabilitative and therapeutic process. The inclusion of restitution in this context honors the victims' interest in being made whole when they are injured by competent defendants who are willing to address the harmful consequences of their actions, and to seek treatment for the underlying causes of their behavior. It reflects a legislative policy choice to consider the interests of defendants and victims alike."[9] (*Braden*, *supra*, 14 Cal.5th at pp. 815–816.) In the present case, the prosecution's failure to make a timely request for restitution frustrated the Legislature's intent to make the victim whole and to make payment of restitution part of

restitution payments following the two-year period of diversion. Appellant's argument is consistent with the statutory language (see fn. 6, *ante*), but we need not actually decide in the present case whether a restitution order properly imposed during the period of diversion could be enforced after dismissal of the underlying criminal case.

[9] Appellant discusses the legislative history, but resort to that history is unnecessary in interpreting an unambiguous statute (*Braden*, *supra*, 14 Cal.5th at p. 819), and none of the history described by appellant addresses the issue in the present appeal. (See also *id*. at pp. 819–823 [summarizing legislative history].)

appellant's rehabilitative process.  Although it is especially unfortunate the victim bears the burden of the prosecution's mistake, that is not a ground for the trial court to make an award of restitution contrary to the plain language of section 1001.36.

DISPOSITION

The trial court's restitution orders are reversed.  The court's orders are otherwise affirmed.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A166452)

10

**People v. Berlin (A166452)**


Trial Judge:        Hon. Charles S. Crompton


Trial Court:        San Francisco County Superior Court


Attorneys:

      Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

      Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.